LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
(631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

SUYAPA BRIZUELA, on behalf of herself and　　　　　:
others similarly situated,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　　　　COMPLAINT
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Plaintiff,　　　　:
　　　　　　-against-　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
BEST CARE, INC. and LAWRENCE WIENER,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Defendant.　　　:
----------------------------------------------------------------------X

　　　　Plaintiff SUYAPA BRIZUELA ("Plaintiff"), by and through her attorney, LAW

OFFICE OF PETER A. ROMERO, as follows:

## I.  PRELIMINARY ACTION

　　　　1.　　　Plaintiff brings this action on seeking monetary damages, declaratory relief, and

affirmative relief based upon Defendants' violations of the Fair Labor Standards act ("FLSA"), 29

U.S.C. §§ 201 et seq.; New York Labor Law ("NYLL"), N.Y. Lab Law § 190, et seq.; New York

State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law,

and other appropriate rules, regulations, statutes or ordinances.

　　　　2.　　　Plaintiff alleges pursuant to the FLSA and NYLL, that she is entitled to recovery

from Defendants for: (1) overtime compensation for all hours worked in excess of forty (40) hours

per week; (2) spread of hours pay for days worked in excess of ten (10) hours per day; (3) interest

on all compensation Defendants withheld; (4) the maximum penalty for violations of NYLL

§195(1); (5) the maximum penalty for violations of NYLL § 195(3); (6) Liquidated damages; and (7) attorney's fees and costs.

3.    Plaintiff brings her FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants within the three (3) years before the filing of the complaint in this case.

4.    Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## II.  JURISTICTION AND VENUE

5.    This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

6.    This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367 and other appropriate rules, regulations, statutes and ordinances.

7.    This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within this jurisdiction.

8.    This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### III.  THE PARTIES

9.      Plaintiff SUYAPA BRIZUELA ("Plaintiff"), was at relevant times, a domiciliary of the State of New York, who presently resides in Bay Shore, New York.

10.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203 (e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

11.      Upon information and belief, Defendant BESTCARE, INC. ("Corporate Defendant") is a New York Corporation, with its principal place of business at 3000 Hempstead Turnpike, Levittown, NY 11756.

12.      Upon information and disbelief, Defendant LAWRENCE WIENER ("WIENER") was and is the Principal/Chief Executive Officer of Best Care Inc., and; (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all the related entities.

13.      At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 109(3) of the NYLL, NY Lab. Law § 190(3).

14.      Upon information and belief, at all times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203 (r )(1) and (r )(2), due to their operation of providing Home Health Aid Services.

15.      Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume

of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of providing Home Health Aid Services.

### IV.  FACTS

16.     Plaintiff repeats and re-alleges each and every allegation contained herein.

17.     Plaintiff was hired by Defendants in or around 2012 as a "Home Health Aide". Plaintiff worked for Defendants as a Home Health Aide 2012 through December 2016.

18.     Plaintiff was a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

19.     From Plaintiff's date of hire and continuing through the present, she worked a varying schedule depending on client needs.

20.     Throughout her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week.

21.     Plaintiff was paid at varying hourly rates of pay as reflected in the Plaintiff's pay stubs.  Plaintiff was paid at varying hourly rates of pay for hours worked within the same pay period.

22.     Defendant failed to pay Plaintiff for hours worked after 40 hours per week at a rate equal to one and one-half her hourly rate.

23.     Defendant paid Plaintiff overtime at a rate that failed to take into account the varying hourly rates that Plaintiff was paid for hours worked up 40 hours per workweek.

24.     Defendants' failure to properly calculate and pay to Plaintiff the applicable overtime rates resulted in a significant loss of earned wages, lawfully due and owing, to Plaintiff.

25.    In addition, Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R § 516.4 and the NYLL, N.Y.C.R.R. 12§ 137-2.3.

26.    Despite working more than ten (10) hours per day, Plaintiff was not provided an additional hour's pay when she worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142- 2.4.

27.    Defendants failed to provide Plaintiff with written notice of her wage rate in accordance with the New York State Wage Theft Prevention Act, NYLL § 195(1).

28.    Defendants failed to provide Plaintiff with accurate pay statements reflecting true and correct rates of pay in violation of NYLL § 195(3).

## FLSA COLLECTIVE ACTION CLAIMS

29.    At all relevant times, Plaintiff, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols of willfully failing and refusing to pay them at the proper overtime rate and willfully failing to keep accurate records as required by the FLSA.

30.    The claims of Plaintiff stated herein are similar to those of other employees.

31.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation as required by federal and state laws.

32.    Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

33.    Defendants' unlawful conduct was intentional, willful, undertaken in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former employees.

34.    Upon information and belief, Defendants' practices were willful and undertaken to avoid paying Plaintiff (and similarly situated individuals) properly for their full hours worked.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

35.    Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

36.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

37.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

38.     Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendant failed to provide Plaintiff and Class Members prior to hire with notice written in their primary language setting forth their regular rate of pay and overtime rate of pay;

(b)     whether Defendant failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(c)     whether Defendant failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when their spread of hours exceeded 10;

(d)     whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e)     whether Defendant' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f)     whether Defendant failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(g)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(h)     whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class minimum wage, overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

40.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-

7

hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

41.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

42.     Plaintiff is able to fairly and adequately protect the interests of the Class, has no interests antagonistic to the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

43.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

44.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

45.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant' common and uniform policies, practices, and procedures. Although the

relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant' practices.

46.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation- Collective Action)

47.    Plaintiff repeats and re-alleges each and every allegation contained herein.

48.    Plaintiff and similarly situated individuals worked in excess of forty (40) hours per week.

49.    Defendants failed to pay Plaintiff and similarly situated individuals overtime compensation at the rate of one and one- half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

50.    Defendants' failure to pay overtime compensation was willful.

51.    By the foregoing reasons, Defendants' are liable to Plaintiff, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violations)

52.     Plaintiff repeats and re-alleges each and every allegation contained herein.

53.     Plaintiff and Class Members worked in excess of forty (40) hours per week.

54.     Defendants failed to pay Plaintiff and Class Members overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

55.     Defendants' failure to pay overtime compensation was willful.

56.     By foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142- 2.2 and are liable to Plaintiff and Class Members in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

57.     Plaintiff repeat and re-alleges each and every allegation contained herein.

58.     Defendants failed to provide Plaintiff and Class Members with a wage notice, as required by NYLL § 195(1).

59.     For the foregoing reasons, Defendants have violated NYLL §195 and are liable to Plaintiff and Class Members for statutory damages.

## FOURTH CLAIM FOR RELIEF
### (Failure to Provide Accurate Paystubs – New York Labor Law Violations)

60.     Plaintiff repeat sand re-alleges each and every allegation contained herein.

61.     Defendants failed to provide Plaintiff and Class Members with accurate pay stubs setting forth their accurate rate of overtime pay.

62.     By the foregoing reasons, Defendants violated NYLL §§ 195(3) and are liable to Plaintiff and Class Members for statutory damages.

**WHEREFORE,** as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff respectfully requests that this Court grant the following relief:

(i)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, interest and statutory damages for violations pursuant to the New York Labor Law;

(iii)    Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)    Such other relief as this Court deems just and proper.

Dated: Babylon, New York
       May 9, 2018

                                LAW OFFICE OF PETER A. ROMERO PLLC

                        By:     _____
                                Peter A. Romero, Esq.
                                103 Cooper Street
                                Babylon, New York 11702
                                Tel. (631) 257-5588
                                promero@romerolawny.com

## CONSENTIMIENTO PARA DEMANDAR

Con mi firma a continuación, autorizo la presentación y enjuiciamiento de reclamos en mi nombre y en mi nombre contra Bestcare, Inc., para recuperar salarios mínimos y / o horas extras no pagados adeudados por semanas en las que trabajé más de cuarenta (40) horas conforme a la Ley Federal de Normas Laborales Justas de 1938, según enmendada 29 USC §201 et seq. Por la presente autorizo a la Oficina Legal de Peter A. Romero para que me represente en este caso.

*Suyapa Brizuela*                           *3-2-18*
Suyapa Brizuela                           Fecha